UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JESSE HERNANDEZ,<br><br>　　　　　　　　Petitioner,<br><br>-against-<br><br>CHIEF, BRONX DISTRICT ATTORNEY,<br><br>　　　　　　　　Respondent. | 25-CV-3167 (KMW)<br><br>ORDER OF DISMISSAL<br>WITH LEAVE TO REPLEAD |

KIMBA M. WOOD, United States District Judge:

Petitioner Jesse Hernandez, who is currently held in the Otis Bantum Correctional Center on Rikers Island ("OBCC"), brings this *pro se* petition for a writ of *habeas corpus* under 28 U.S.C. §2254, challenging his ongoing criminal proceedings in Bronx County, New York, arising from a September 16, 2024, arrest.[1] (ECF No. 1.) By Order dated April 18, 2025, the Court granted Petitioner's request to proceed *in forma pauperis*. (ECF No. 5.) For the reasons set forth below, the Court denies the Section 2254 petition, and grants Petitioner 60 days' leave to file a petition for *habeas corpus* under 28 U.S.C. § 2241.

## STANDARD OF REVIEW

The Court may entertain a petition for a writ of *habeas corpus* on "behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Under Rule 4 of the Rules Governing Section 2254 Cases, the Court has the authority to review

---

[1] According to the "Person in Custody Lookup Service" on the New York City Department of Corrections website, https://a073-ils-web.nyc.gov/inmatelookup/pages/home/home.jsf, Petitioner was arrested on September 16, 2024 and has remained in custody since his arrest.

and dismiss a Section 2254 petition without ordering a responsive pleading from the state, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rules Governing § 2254 Cases, Rule 4; *see Acosta v. Artuz*, 221 F.3d 117, 123 (2d Cir. 2000).

The Court is obliged, however, to construe *pro se* pleadings liberally and interpret them "to raise the strongest arguments they *suggest*." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original); *see Green v. United States*, 260 F.3d 78, 83 (2d Cir. 2001). Nevertheless, a *pro se* litigant is not exempt "from compliance with relevant rules of procedural and substantive law." *Triestman*, 470 F.3d at 477 (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)).

## BACKGROUND

Petitioner asserts two overlapping grounds for relief. First, he asserts that the prosecution violated New York Criminal Procedure Law § 30.30(1), which sets forth the time by which the prosecution must be ready for trial. (ECF No. 1 at 5.) He alleges that the Government has "No complaining Victim," "No WiTNEsses," and "No other Kind of EvidENcE" to detain or convict him.[2] (*Id.*) With respect to his first ground for relief, Petitioner alleges that his counsel filed a "motion for om[n]ibus," which was denied. (*Id.* at 7.)

---

[2] The Court quotes from the complaint verbatim. All spelling, grammar, and punctuation appear as in the complaint, unless noted otherwise.

For his second ground for relief, Petitioner references New York Criminal Procedure Law §§ 245.20,[3] 245.50(3),[4] 30.30(4),[5] 210.20,[6] and 210.45.[7] (*Id.*) In support of this ground for relief, Petitioner states that he is entitled to dismissal if the prosecution is not ready for trial. (*Id.*) Petitioner also asserts, without providing specific facts, that "All Grounds [were] PreseNTEd and ExhaustEd." (*Id.* at 12.)

Petitioner seeks release pending trial or, in the alternative, that the charges against him be dismissed without prejudice, to be refiled when the prosecution has "soME REal EvidENcE." (*Id.* at 13.)

## DISCUSSION

The Court denies the petition for habeas corpus under 28 U.S.C. § 2254, but grants Petitioner 60 days' leave to file a petition for *habeas corpus* under 28 U.S.C. § 2241 that complies with the standards set forth below.

**A.    Section 2254**

The Court denies Petitioner's Section 2254 petition because Section 2254 does not apply in cases where a defendant has not been convicted. Section 2254 is the proper vehicle to challenge a state court conviction when the petition is brought by an individual who is in custody pursuant to a judgment of conviction. *See* 28 U.S.C. § 2254(a) (federal courts have jurisdiction

---

[3] Section 245.20 provides for automatic discovery in criminal proceedings.

[4] Section 245.50(3) states that the prosecution generally shall not be deemed ready for trial until it files a certificate of readiness for trial.

[5] Section 30.30(4) describes the periods that must be excluded when calculating the time by which the prosecution must be ready for trial for purposes of the state's speedy trial statute.

[6] Section 210.20 governs motions to dismiss or reduce an indictment.

[7] Section 210.45 prescribes the procedures governing a motion to dismiss an indictment.

to hear a Section 2254 petition filed on "behalf of a person in custody pursuant to the judgment of a State court"). Because a judgment of conviction has not been entered in Petitioner's case, he cannot challenge his criminal proceedings in a Section 2254 petition. The Section 2254 petition is therefore dismissed.[8]

**B.      Section 2241**

For the reasons set forth below, the Court declines to construe Petitioner's submission as a Section 2241 petition. First, Petitioner has not shown that he has exhausted the available state court remedies before bringing this action in this court. In some circumstances, a state pretrial detainee may challenge the constitutionality of his detention in federal court, in a petition for a writ of *habeas corpus* under 28 U.S.C. § 2241. *See, e.g.*, *Robinson v. Sposato*, No. 11-CV-191, 2012 WL 1965631, at *2 (E.D.N.Y. May 29, 2012) (collecting cases). A Section 2241 petition cannot, however, be used to "derail[] . . . a pending state proceeding by . . . attempt[ing] to litigate constitutional defenses prematurely in federal court." *Braden v. 30th Jud. Cir. Ct. of Ky.*, 410 U.S. 484, 493 (1973); *see also Allen v. Maribal*, No. 11-CV-2638, 2011 WL 3162675, at *1 (E.D.N.Y. July 25, 2001) (noting that federal *habeas corpus* is not to be converted into a "pretrial motion forum for state prisoners") (quoting *York v. Ward*, 538 F. Supp. 315, 316 (E.D.N.Y. 1982)).

Before seeking *habeas corpus* relief under Section 2241, a state pretrial detainee must first exhaust his available state court remedies. *See United States ex rel. Scranton v. New York*, 532 F.2d 292, 294 (2d Cir. 1976) ("While . . . Section 2241 does not by its own terms require the exhaustion of state remedies as a prerequisite to the grant of federal habeas relief, decisional law

---

[8] If Petitioner is convicted, he may seek *habeas* relief under Section 2254 after exhausting his state court remedies. 28 U.S.C. § 2254(b); *see Rose v. Lundy*, 455 U.S. 509, 510 (1982).

4

has superimposed such a requirement in order to accommodate principles of federalism."). "[T]he exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). Therefore, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *Id.* An exception to the exhaustion requirement exists only when: "(1) [the petitioner] establishes cause for his failure to exhaust and prejudice as a result of the alleged violation of federal law . . . or (2) he demonstrates that the failure to consider his claims will result in a fundamental miscarriage of justice." *Robinson*, 2012 WL 1965631, at *2 (citing *Coleman v. Thompson*, 501 U.S. 722, 750 (1991)).

Petitioner's allegation that his counsel filed an omnibus motion that was denied by the trial court—and his bare assertion that he exhausted his remedies—are insufficient to demonstrate exhaustion for the purposes of Section 2241. Petitioner alleges no facts suggesting that he appealed the denial of the omnibus motion through the state courts' established procedures for appellate review. Instead, Petitioner seems to tacitly admit that he has not exhausted his state court remedies because a "Direct APPEAl takes to Long." (ECF No. 1 at 7.)

Second, even if the Court assumes that Petitioner did fully exhaust his state remedies, he alleges only that his omnibus motion raised claims under state law, such as speedy trial claims under Section 30.30. Section 2241 relief may be granted to a petitioner who alleges that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Courts in the Second Circuit have held that raising a Section 30.30 claim in state court does not exhaust a federal constitutional speedy trial claim. *See, e.g.*, *Smith v. LaClair*, No. 04-CV-4356, 2008 WL 728653, at *3 (S.D.N.Y. Mar. 17, 2008) (Scheindlin, J.) ("Because

5

C.P.L. § 30.30 is merely a state law provision requiring the prosecution to be ready for trial, a § 30.30 claim does not raise a federal constitutional claim." (internal quotation marks omitted)); *Edwards v. Mazzuca*, No. 00-CV-2290, 2007 WL 2994449, at *13 (S.D.N.Y. Oct. 15, 2007) (Sullivan, J.) ("[A] CPL § 30.30 claim is not the equivalent of a federal constitutional speedy trial claim made pursuant to the Sixth and Fourteenth Amendments; therefore, it cannot be reviewed in a federal habeas corpus proceeding."); *Gibriano v. Att'y Gen. of State of New York*, 965 F. Supp. 489, 492 (S.D.N.Y. 1997) (Sprizzo, J.) ("[W]hen the petitioner twice raised his statutory speedy trial claim in the state court under Section 30.30, he did not effectively present to those courts the federal constitutional speedy trial claim that he raises now in this court." (internal quotation marks omitted)). Here, Petitioner alleges that he is in custody in violation of New York's speedy trial statute and other provisions of New York's criminal procedure law. He does not allege that he is in custody in violation of the Constitution or any federal law or treaty. For these reasons, the Court declines to construe Petitioner's submission as a petition for *habeas corpus* under Section 2241.

The Court grants Petitioner 60 days' leave to file a Section 2241 petition in which he alleges, if applicable, that he is being detained in violation of his rights under federal law and that he has exhausted his federal claims in the state courts. If Petitioner does not file a Section 2241 petition, the Court will enter judgment denying his Section 2254 petition without prejudice.[9]

---

[9] Under the gatekeeping provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a *habeas corpus* petitioner must obtain authorization from the appropriate Court of Appeals before filing a second or successive *habeas corpus* petition. *See* 28 U.S.C. § 2244(b)(3)(A). A petition is "second or successive" if a previous related *habeas corpus* petition was decided on the merits. *See Graham v. Costello*, 299 F.3d 129, 132 (2d Cir. 2002). Because conversion of a submission into a *habeas corpus* petition may restrict a litigant's future attempts to seek *habeas corpus* relief, district courts must normally give a *pro se* litigant notice

### CONCLUSION

The Court denies the petition for *habeas corpus* under 28 U.S.C. § 2254, and the Court declines to construe the petition as brought under 28 U.S.C. §2241.

The Court grants Petitioner 60 days' leave to file a petition for *habeas corpus* under 28 U.S.C. § 2241 that complies with the standards set forth above.

Because the petition makes no substantial showing of a denial of a constitutional right, a certificate of appealability will not issue. *See* 28 U.S.C. § 2253.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court directs the Clerk of Court to hold this matter open on the docket until a civil judgment is entered.

SO ORDERED.

Dated:   October 6, 2025
        New York, New York

                                            /s/ Kimba M. Wood
                                               KIMBA M. WOOD
                                            United States District Judge

---

and an opportunity to withdraw the submission before a court recharacterizes it as a petition under Section 2241. *See Simon v. United States*, 359 F.3d 139, 144 (2d Cir. 2004). Here, however, giving Plaintiff notice and granting him an opportunity to withdraw is unnecessary because denial of *habeas corpus* relief without prejudice does not trigger the AEDPA's restrictions on second or successive petitions. *See Slack v. McDaniel*, 529 U.S. 473, 489 (2000).